Battle, J.
 

 "We have already decided at the present term, in the case of
 
 Spruill
 
 v.
 
 Davenport,
 
 (ante 42), following that
 
 *98
 
 of
 
 Leary
 
 v. Fletcher, 2 Ire. Rep. 259, that the County Court, in proceeding under the Act of 1189, (Rev. Stat. ch. 63, sec. 11), authorising a guardian under certain circumstances to sell the land of his ward, must first ascertain and adjudge that there are debts due by the ward, and must then specify what particular land is to be sold for the payment of them. In those cases the orders of sale were defective in both particulars. The question is whether the order in the present case ' is liable to the same objection. It is clearly not so with regard to the land directed to be sold. It specifies the
 
 whole
 
 of the ward’s land adjoining the land of John Bailey and others, containing about one hundred and ten acres. It does not appear, and it is not suggested, that she had any other land in that locality, nor indeed any where else. Such a description would be sufficient to distinguish and identify lands levied on by a constable under a justice’s execution; and we think it must be so in a case like the present, see
 
 Ward
 
 v. Saunders, 6 Ire. Rep. 382.
 

 It remains for us to enquire whether the order is sufficient in ascertaining the debt due from the ward. It is obviously so, unless it be necessary to set forth to whom the debt is due, or to otherwise describe it, or to state its amount. This point is not so clear as the other, but we think that upon a proper construction of the statute, nothing more is necessary than that the County Court should find and adjudge that there is a debt or demand against the estate of the ward, without specifying it. The Act speaks of “ any debt or demand,” and it may often be difficult, if not impracticable, to state the exact amount of it, or to specify all the debts or demands, if there be more than one. But the language is varied with regard to the land to be sold, as to which “ the Court shall particularly specify what property shall be sold.” It may be true that the Court ought to ascertain, as near as it can, tire amount of the debt or debts, so that it may be the better able to sj>ecify what property shall be sold ; and if the property had to be sold, like land sold for taxes, to the purchaser who would take the smallest quantity for the debt, then we should hold that
 
 *99
 
 the precise amount of the debt ought to be stated in the order of sale. But it is not so; and it i& evident that the Legislature contemplated that there might be other creditors besides those of whose debts the guardian had notice, at the time of his application; because it directs that the proceeds of the sale shall be assets in the hands of the guardian, for the benefit of the creditors, without specifying wdiat creditors. In the present case, the Court not only ascertained and adjudged that there were debts against the ward’s estate, but found that some of them had been reduced to judgments, and that execution had been issued thereon, and had been levied on the land •in question. Our conclusion then, is, that the County Court did exercise its judgment “ in deciding whether there were any debt or demand against the estate of the ward to render a sale of her property expedient,” and did exercise it also
 
 “
 
 in selecting the part or parts of her property, which could be disposed of with the least injury to the wardneither of which was done in the cases to which we have referred. The judgment of the Court below is affirmed.
 

 Per Curiam.
 

 Judgment affirmed.